CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Leslie Martin

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LESLIE MARTIN, | ) | CIVIL NO. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT; JURY |
| | ) | DEMAND; SUMMONS |
| vs. | ) | |
| | ) | |
| THE QUEEN'S MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

COMES NOW, Plaintiff LESLIE MARTIN, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## STATUS OF THE PARTIES

1. Plaintiff LESLIE MARTIN (hereinafter "MARTIN") is and was at all times mentioned herein a resident of Honolulu, Hawaii.

2. Defendant THE QUEEN'S MEDICAL CENTER (hereinafter "QUEEN'S") is and was at all times mentioned herein is a domestic non-profit corporation incorporated in the State of Hawaii and doing business in Honolulu, Hawaii.

## NATURE OF THE CASE

3. Plaintiff was hired by Defendant QUEEN'S on August 29, 2006, as a Nurse.

4. On January 3, 2020, Plaintiff was terminated from her position with Defendant QUEEN'S due to age discrimination. Plaintiff was 59 years old at the time of her termination.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to the Age Discrimination in Employment Act of 1967 (ADEA).

6. The administrative prerequisites for filing this cause of action have been fulfilled. Plaintiff filed a Charge of Discrimination on June 30, 2020, based upon age

discrimination. A Dismissal and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on October 7, 2021. This lawsuit is filed pursuant to the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant QUEEN'S on August 29, 2006, as a Nurse. Plaintiff eventually was promoted to the position of a Wound and Ostomy Nurse.

8. On January 3, 2020, Plaintiff was terminated from her position with Defendant QUEEN'S.

9. On January 3, 2020, Plaintiff was accused of writing unprofessional emails and questioning doctor's orders which accusations were disputed by Plaintiff.

10. Plaintiff was terminated from her position of Wound and Ostomy Nurse and replaced by a younger nurse.

11. When terminated, Plaintiff was able to and was performing her job duties satisfactorily, although management disagreed with Plaintiff's findings about a prevalence study regarding pressure ulcers she had been requested to conduct, and a doctor had refused to take advice on the care of a wound given by Plaintiff due to her extensive experience about which he complained to management. Management had also disagreed with Plaintiff's recommendation that general staff should not be

provided with photographs of patients' pressure ulcers, and other recommendations made and issues raised by Plaintiff due to her extensive experience.

12. Plaintiff was replaced by a younger nurse.

## COUNT I

## AGE DISCRIMINATION

13. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

14. The Age Discrimination in Employment Act of 1967 (ADEA) prohibits discrimination and termination due to age and based on retaliation for complaining of the discrimination.

15. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of the Age Discrimination in Employment Act of 1967 (ADEA).

16. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

17. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be

free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

18. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

19. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

    A.    For reinstatement to her position of employment with Defendant QUEEN'S with full benefits; and

    B.    For all damages to which Plaintiff is entitled, including general damages, compensatory damages, and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, January 5, 2022.

                                        /s/ Charles H. Brower
                                      CHARLES H. BROWER
                                      MICHAEL P. HEALY
                                      Attorneys for Plaintiff
                                      Leslie Martin